H. V. BATTEY, Plaintiff, v. O. D. WHEELER, Judge, Respondent.

**Clerk of courts:** SUSPENSION FROM OFFICE. The district court, or a judge thereof, has power to suspend a clerk of courts on its *own motion* for failure to produce and account for public funds, when that fact is brought to the court's knowledge, without the filing of formal charges; such charges may be subsequently filed by the county attorney on the order of court; and the court may acquire its knowledge from an examination of an unsworn report of expert accountants who have examined the clerk's books, and from a personal examination of the clerk's records in connection with such report.

**Same:** ORDER OF SUSPENSION: RECITAL OF JURISDICTIONAL FACTS. If the jurisdictional facts exist at the time the order of suspension is made, it is not essential to the validity of the order that such jurisdictional facts be recited therein; as a presumption of their existence will obtain, and the plaintiff will not be heard to say that the court found such facts at the time of suspension upon insufficient and improper evidence.

*Certiorari from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

THURSDAY, DECEMBER 16; 1909.

THE plaintiff has brought this certiorari proceeding for the purpose of testing the legality of the order of the defendant as district judge in suspending him from the office of clerk of the district court.—*Affirmed.*

*Harl & Tinly,* for plaintiff.

*John J. Hess,* for respondent.

EVANS, C. J.—On January 2, 1905, the plaintiff became clerk of the district court of Pottawattamie County, and continued to hold such office down to April 11, 1908. On that date an order of suspension was entered against him by the defendant, a district judge of such county. At the same time the defendant appointed one Chambers to act as such clerk temporarily. The circumstances leading up to such order of suspension were that certain expert accountants in the employ of the board of supervisors had checked up the books and accounts of the plaintiff as clerk, and claimed to have found many irregularities therein. They filed with the board of supervisors a formal report, in which the alleged irregularities in the books and accounts of the plaintiff were set forth with particularity, specifying book and page and title of case in which each alleged irregularity occurred. From these specifications it appeared that the plaintiff had made many false reports of the fees received by him, in that he had reported specific fees in specific cases in less amounts than those actually received by him, and that he had made many false alterations upon his records by changing the figures thereon indicating fees received by himself so as to show a less

amount than was actually received in each such case. This report was by resolution of the board of supervisors referred to the county attorney and the district judge, and the same thereby came into the hands of the defendant. The expert accountants were not residents of Pottawattamie County, nor was their report verified. The return of the defendant to the writ in this case shows that after the report of such accountants had been presented to him and had been examined and considered by him, and after he had examined some of the records in the office of the clerk which were alleged to have been altered, and also certain receipts for fees signed by the clerk, which showed that he had reported to the auditor a less amount of fees than was indicated in the receipts signed by him, he entered the order of which complaint is now made in these proceedings. By the same order he directed the county attorney to file formal charges against the plaintiff as clerk and to proceed against him under the statute. On April 15, 1908, such charges were filed containing thirty-one specifications of the nature already indicated. The claim here on behalf of the plaintiff is that the defendant had no jurisdiction to enter the order of suspension on April 11, 1908. This claim is based upon the assumption that the defendant acted exclusively upon the unverified report of the accountants, and that such report was not a compliance with the form of the statute in such cases.

Section 1251, Code, provides that all county officers "may be removed upon charges made in writing and trial thereunder for the following causes: . . . (6) For corruption; (7) for willful misconduct or maladministration in office; . . . (9) for the failure to produce and fully account for all public funds and property in his hands at any inspection or settlement." Section 1252 provides that "any resident of the county . . . may make such complaint by petition in such district court in the name of the state," etc. It also provides that the petition shall state

the name of the accuser. It further provides that the county attorney may be required to file such petition "by the court or judge thereof upon the suspension of any officer by such court or judge." Section 1256 is as follows: "When charges are thus made, the district court of the proper district or the judge thereof may suspend the accused from the function of his office until the determination of the matter, if sufficient cause appear from the testimony or affidavits presented, and on his own motion may suspend from office any clerk of the district court or sheriff of a county, for any of the causes mentioned in this chapter, coming to his own knowledge, or manifestly appearing from the papers or testimony in any proceeding in court."

It is clear from the foregoing statutes that the defendant had power thereunder to suspend the plaintiff on his own motion for any of the specified causes "coming to his own knowledge." Plaintiff in argument does not contend otherwise. His argument is that the order of suspension actually entered by the defendant did not purport to be made upon the defendant's own knowledge. On the contrary, the formal order recited the report of the expert accountants as the basis therefor. It is argued that such report of the accountants was not such a charge as was contemplated in the first part of section 1252. That such report of the accountants was not such a charge as is provided for in said section 1252 may be conceded; but the latter part of said section confers power upon the court or judge to require the county attorney to file such charges "upon the suspension of any officer by such court or judge." The clear implication of this part of the section is that the power of suspension is not necessarily postponed to the filing of formal charges. Under section 1256 this power of suspension is expressly conferred. It may be done by the judge "on his own motion" for the specified causes "coming to his own knowledge." The statute does not specify the way whereby

1. CLERK OF
COURTS: sus-
pension from
office.

the facts must come to the knowledge of the judge. If such facts come to his knowledge, it is enough to impose upon him the duty and the responsibility, and to confer upon him the power to act in obedience to the spirit of the statute. The way of the coming of such facts to his knowledge may be as various as human events so far as the limitations of the statute are concerned. The argument of plaintiff is that the order of suspension did not recite that the causes had come to the knowledge of the defendant judge, but that it did recite the charges made in the report of the accountants, and that the defendant is therefore now bound by the recitals of such order as the basis of his jurisdiction.

The question raised by this argument is: Is it essential to the validity of the order that the facts conferring jurisdiction should be recited therein? We think not. The statute does not so require. The court was one of general jurisdiction, and the rule which sometimes obtains as to inferior tribunals has no application. The argument that the defendant is bound by the recitals of his formal order is without merit. The principle of estoppel has no application. The defendant had no personal interest in the matter, and has none now. He was confronted with a serious official duty. The power conferred upon him was necessarily commensurate with the official responsibility imposed. The statute contemplates summary action so far as suspension is concerned. As preliminary thereto it requires no formalities and specifies no procedure. The substantial rights of the accused officer are fully guarded by the subsequent procedure provided for. We hold therefore that if the jurisdictional facts existed at the time the order of suspension was made, it was not essential to the validity of the order that such jurisdictional facts be recited therein. We may say further that the nature of the evidence which should satisfy the court or judge as to the truth of

2. SAME: order of suspension: recital of jurisdictional facts.

the jurisdictional facts when acting "on his own motion" is a question which must necessarily be determined by him alone. Where the actual existence of the jurisdictional facts as distinguished from a formal recital thereof in the order assailed is not denied, a presumption of their existence will obtain in support of the jurisdiction of the court and of its finding, and the plaintiff will not be heard to say, in defeat of jurisdiction, merely that the defendant found such facts at the time of the suspension upon insufficient or improper evidence. To be more specific, if the report of the expert accountants was so convincing in its many specifications as to cause the defendant to believe its recitals, then both duty and power to act were cast upon him by the statute.

From the return of the defendant it appears that he made a personal investigation of some of the records and receipts which were specified in the report of the accountants, and that such personal examination on his own part, as well as the report of the accountants, furnished the basis of the knowledge upon which he acted. It was sufficient. It appears from the return of the defendant that the charges filed by the county attorney were brought to trial in May, 1908, and a verdict of guilty rendered against the plaintiff. A new trial was granted; but before such new trial was had the plaintiff resigned the office, and the proceeding was dismissed. The writ of *certiorari* in this proceeding was not sued out until March, 1909. If the plaintiff's right to the writ rests to any extent in our discretion, we would not feel justified in exercising this discretion in his favor upon such a state of facts. We are satisfied, however, that the defendant is clearly entitled to a quashing of the writ.

It is therefore ordered that the petition be dismissed, and that the writ already issued be quashed. Plaintiff's motion to strike amended return is *overruled.*